CLOSED

**U.S. District Court**
**DISTRICT OF ARIZONA (Tucson Division)**
**CRIMINAL DOCKET FOR CASE #: 4:19−mj−08888−N/A−EJM All Defendants**

Case title: USA v. White
Other court case number: 2:19−mj−30227−1 Eastern District of Michigan (Detroit)

Date Filed: 05/09/2019
Date Terminated: 05/10/2019

Assigned to: Magistrate Unassigned
Referred to: Magistrate Judge Eric J Markovich

**Defendant (1)**

**Jarratt White**
99767−408
*TERMINATED: 05/10/2019*

represented by **Kristian Harrison Salter**
Law Office of Rubin Salter Jr.
177 N Church Ave., Ste. 903
Tucson, AZ 85701−1120
520−623−5706
Fax: 520−623−1716
Email: kristian.salter@gmail.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

| **Pending Counts** | **Disposition** |
|---|---|
| None | |

**Highest Offense Level (Opening)**

None

| **Terminated Counts** | **Disposition** |
|---|---|
| None | |

**Highest Offense Level (Terminated)**

None

| **Complaints** | **Disposition** |
|---|---|
| 18:1343 Wire Fraud | |

**Plaintiff**

**USA**

represented by **Gordon Elliott Davenport , III**
US Attorneys Office − Tucson, AZ
405 W Congress St., Ste. 4800
Tucson, AZ 85701−4050
520−620−7300
Fax: 520−620−7320
Email: gordon.davenport.iii@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Assistant US Attorney*

| Date Filed | # | Docket Text |
|---|---|---|
| 05/09/2019 | 1 | Arrest (Rule 40) of Jarratt White. (Attachments: # 1 Complaint)(BAC) (Entered: 05/10/2019) |
| 05/09/2019 | 2 | MINUTE ENTRY for proceedings held before Magistrate Judge D Thomas Ferraro:<br><br>Initial Appearance in Rule 5(c)(3) Proceedings/Detention/Rule 5(c)(3) Identity Hearing as to Jarratt White held on 5/9/2019. Defendant is present and in custody. AUSA, Gordon Elliott Davenport, III; CJA, Kristian Harrison Salter for defendant. Defendants state true name to be the same. Defendant signed Order Setting Conditions of Release and released on Judge's signature. Defendant to appear in the charging district on 5/16/19 at 10:00 AM at Pretrial Services. This case is not sealed per US Attorney's Office. (Recorded by COURTSMART.) Hearing held 2:26 PM to 3:31 PM.(BAC) (Entered: 05/10/2019) |
| 05/09/2019 | 3 | WAIVER of Rule 5(c)(3) Hearing by Jarratt White. (BAC) (Entered: 05/10/2019) |
| 05/09/2019 | 4 | ORDER Setting Conditions of Release as to Jarratt White. Signed by Magistrate Judge D Thomas Ferraro on 5/9/19.(BAC) (Entered: 05/10/2019) |
| 05/10/2019 | 5 | SEALED CJA 23 Financial Affidavit by Jarratt White. (MFR) (Entered: 05/10/2019) |
| 05/10/2019 | 6 | Notice to Eastern District of Michigan (Detroit) of a Rule 5 or Rule 32 Initial Appearance as to Jarratt White. Your case number is: 2:19−mj−30227−1. Please use PACER Court Links to access the public docket and documents.<br><br>*(If you wish to designate a different email address for future transfers, please send your request to the national list host at InterdistrictTransfer_TXND@txnd.uscourts.gov.)* (BAC) (Entered: 05/10/2019) |

MAGISTRATE JUDGE'S MINUTES
**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA – TUCSON**

| **U.S. Magistrate Judge: D Thomas Ferraro** | **Date:** May 9, 2019 |
|---|---|
| **USA v. Jarratt White** | **Case Number: 19-08888MJ-001** |

**Assistant U.S. Attorney: Gordon Davenport (assigned)**
**Attorney for Defendant: Kristian Salter, CJA**
**Interpreter: N/A**
**Defendant: ☒ Present ☒ Custody**

**INITIAL APPEARANCE**

☐ Complaint Filed **Date of Arrest: May 9, 2019**
☒ Warrant Other District
☒ Financial Affidavit taken ☐ NO Financial Affidavit taken
☒ Defendant states true name to be SAME.
Further proceedings ORDERED in Defendant's true name.

**DETENTION HEARING** ☒ Held
PSA recommends release; Gov't ☒ concurs ☐ objects
☒ Court accepts recommendation by Government
☒ Defendant is advised on the record and signed Order Setting Conditions of Release and released on Judge's signature.
**Defendant to appear in the charging district on 5/16/19 at 10:00 AM at Pretrial Services.**

**REMOVAL HEARING:** ☒ Waived
☒ Defendant signs written Waiver of Removal Hearing. The Magistrate Judge finds, on the basis of Defendant's written waiver of removal hearing and this Magistrate Judge's receipt of the original/certified copy of the warrant from the **Eastern District of Michigan**, that there is probable cause to believe that this defendant is the **Jarratt White**, named in the said warrant, and that there is probable cause to believe that an offense has been committed against the laws of the United States of America.
**OTHER:** Kristian Salter (CJA) is appointed as attorney of record for defendant.
Thereafter, this case is not sealed per U. S Attorney's Office.

**Recorded By** Courtsmart **IA/DH/RH 0 min**
**Deputy Clerk** Rose Chavez

**Start: 2:26 PM**
**Stop: 3:31 PM**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| **United States of America** | **Case Number: 19-08888MJ-001** |
| **v.** | **Charging District's Case No.** 2:19-mj-30227 |
| **Jarratt White** | |

**WAIVER OF RULE 5 & 5.1 HEARINGS**
**(Complaint or Indictment)**

I understand that I have been charged in another district, the Eastern District of Michigan .

I have been informed of the charges and of my rights to:

(1) retain counsel or request the assignment of counsel if I am unable to retain counsel;
(2) an identity hearing to determine whether I am the person named in the charges;
(3) production of the warrant, a certified copy of the warrant, or a reliable electronic copy of either;
(4) a preliminary hearing to determine whether there is probable cause to believe that an offense has been committed, to be held within 14 days of my first appearance if I am in custody and 21 days otherwise, unless I have been indicted beforehand.
(5) a hearing on any motion by the government for detention;
(6) request a transfer of the proceedings to this district under Fed. R. Crim. P. 20, to plead guilty.

I agree to waive my right(s) to:

☒ an identity hearing and production of the warrant.

☒ a preliminary hearing.

☐ a detention hearing.

☐ an identity hearing, production of the judgment, warrant, and warrant application, and any preliminary

or detention hearing to which I may be entitled in this district. I request that my ☐preliminary hearing and/or ☐detention hearing be held in the prosecuting district, at a time set by that court.

I consent to the issuance of an order requiring my appearance in the prosecuting district where the charges are pending against me.

Date: May 9, 2019

Jarratt White
*Defendant's Signature*

*Signature of defendant's attorney (if any)*

Kristian H. Salter
*Printed name of defendant's attorney (if any)*



FILED
LODGED
RECEIVED
COPY
MAY -9 2019
CLERK US DISTRICT COURT
DISTRICT OF ARIZONA
BY
DEPUTY

**UNITED STATES DISTRICT COURT**
**ARIZONA – TUCSON**

**May 9, 2019**

**USA v. Jarratt White** **Case Number: 19-08888MJ-001**

## ORDER SETTING CONDITIONS OF RELEASE

Defendant is ORDERED released on PERSONAL RECOGNIZANCE (O/R).

**NEXT APPEARANCE:** as directed by the Court.

**DEFENDANT IS SUBJECT TO THE FOLLOWING CONDITIONS:**

1. Defendant promises to appear at all proceedings as required and to surrender for service of any sentence imposed.

2. Defendant shall not commit any federal, state or local crime.

3. Defendant shall cooperate in the collection of a DNA sample if the collection is authorized by 42 U.S.C. § 14135a.

4. Defendant shall IMMEDIATELY advise his/her attorney and Pretrial Services, in writing, PRIOR TO any change in residence address, mailing address or telephone number.

5. Defendant shall report as directed to the U.S. PRETRIAL SERVICES 1-800-758-7505 or 520-205-4350; 405 W. Congress St., Suite 2633.

6. Defendant shall abide by the following restrictions on his or her personal associations, place of abode or **travel**: THE DEFENDANT SHALL NOT TRAVEL OUT OF THE STATE OF ARIZONA AND MICHIGAN, UNLESS EXPRESS PRIOR COURT PERMISSION IS GRANTED TO TRAVEL ELSEWHERE.

7. Defendant shall avoid all direct or indirect contact with alleged co-defendants and defendants in 2:19-CR-20246 and any witnesses or victims in either matter.

8. The defendant shall maintain or actively seek employment (or combination work/school) and provide proof of such to Pretrial Services.

9. Defendant shall consume no alcohol. Defendant shall participate in alcohol treatment as directed by Pretrial Services and submit to alcohol testing, including breathalyzer testing and make copayment toward the cost of such services, as directed by Pretrial Services.

10. Defendant shall not use or possess a narcotic **drug** or other controlled substance (as defined by 21 U.S.C. § 802) unless prescribed for the Defendant by a licensed medical practitioner; this provision does not permit the use or possession of medicinal marijuana even with a physician's written certification. The defendant shall not possess, ingest, or otherwise use, a synthetic

CC: Pretrial Services, USM

cannabinoid, or other synthetic narcotic. Defendant shall participate in drug treatment as directed by Pretrial Services and submit to drug testing, including urinalysis testing and make copayment toward the cost of such services, as directed by Pretrial Services. The defendant must refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficiency and accuracy of any prohibited substance abuse testing or monitoring which is (are) required as a condition of release.

11. Defendant shall resolve all pending lower court matters and provide proof of such to Pretrial Services.

## ADVICE OF PENALTIES AND SANCTIONS

Violation of any of the foregoing conditions of release may result in the immediate issuance of a warrant for the defendant's arrest, a revocation of release, an order of detention, as provided in 18 U.S.C. §3148, forfeiture of bond, and a prosecution for contempt as provided in 18 U.S.C. §401 which could result in a possible term of imprisonment or a fine, or both. The commission of any offense while on pretrial release may result in an additional sentence upon conviction for such offense to a term of imprisonment of not less than two years nor more than ten years, if the offense is a felony; or a term of imprisonment of not less than ninety days nor more than one year, if the offense is a misdemeanor. This sentence shall be consecutive to any other sentence and must be imposed in addition to the sentence received for the offense itself.

18 U.S.C. §1503 makes it a criminal offense punishable by up to five years of imprisonment and a $250,000 fine to intimidate or attempt to intimidate a witness, juror or officer of the court; 18 U.S.C. §1510 makes it a criminal offense punishable by up to five years of imprisonment and a $250,000 fine to obstruct a criminal investigation; 18 U.S.C. §1512 makes it a criminal offense punishable by up to ten years of imprisonment and a $250,000 fine to tamper with a witness, victim or informant; and 18 U.S.C. §1513 makes it a criminal offense punishable by up to ten years of imprisonment and a $250,000 fine to retaliate against a witness, victim or informant, or threaten or attempt to do so.
It is a criminal offense under 18 U.S.C. §3146, if after having been released, the defendant knowingly fails to appear as required by the conditions of release, or to surrender for the service of sentence pursuant to a court order. If the defendant was released in connection with a charge of, or while awaiting sentence, surrender for the service of a sentence, or appeal or certiorari after conviction, for:

(1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more, the defendant shall be fined not more than $250,000 or imprisoned for not more than ten years, or both:

(2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years, the defendant shall be fined not more than $250,000 or imprisoned for not more than five years or both;

(3) any other felony, the defendant shall be fined not more than $250,000 or imprisoned not more than two years, or both;

(4) a misdemeanor, the defendant shall be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender shall be consecutive to the sentence of imprisonment for any other offense. In addition, a failure to appear may result in the forfeiture of any bail posted.

## ACKNOWLEDGMENTS

I, the Defendant, acknowledge I am aware of the conditions of my release. I promise to obey all conditions, appear as directed and surrender for service of any sentence imposed. I am aware of the penalties and sanctions set forth above.

| DATE | SIGNATURE | ADDRESS AND PHONE NUMBER OF DEFENDANT |
|---|---|---|
| 5/9/19 | [signature] | Ref Pretrial Services Report - not public record |

Custodian agrees to (a) supervise the defendant in accordance with all conditions of release, (b) to use every effort to assure the appearance of the defendant at all scheduled court proceedings, and to notify the court immediately in the event the defendant violates any condition of release or disappears. We, the undersigned, have read and understand the terms of this bond and conditions of release and acknowledge that we are bound by it until duly exonerated.

| DATE | SIGNATURE OF CUSTODIAN |
|---|---|
| | |

I (We), the surety(ies), have read and understand the terms of this bond and conditions of release and acknowledge that I (we) are bound by this encumbrance until duly exonerated.

| DATE | SIGNATURE OF SURETY(IES) |
|---|---|
| | |

**This order authorizes the U.S. Marshal to release the defendant from custody.**

**Bond set by:** D Thomas Ferraro **Defendant released by:** D Thomas Ferraro

Signed before me on this date: 5-9-19

By U.S. Magistrate Judge: [signature]

Witnessed and acknowledged before:

| DATE | SIGNATURE OF WITNESS |
|---|---|
| 5/9/19 | [signature] |